UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INDERPAL SINGH,

                 Petitioner,

     v.

RAUL MALDONADO, *in his official capacity as Warden, Brooklyn Metropolitan Detention Center*; JUDITH ALMODOVAR, *in her official capacity as Acting New York Field Office Director, U.S. Immigration & Customs Enforcement*; TODD M. LYONS, *in his official capacity as Acting Director of Immigration & Customs Enforcement,*

                 Respondents.

<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>
26-CV-02212 (NRM)

NINA R. MORRISON, United States District Judge:

Petitioner Inderpal Singh is a national of India who entered the United States on December 2, 2022.  Upon entry, he was apprehended and released pursuant to an Order of Release on his Own Recognizance.  On March 27, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") while attending a previously scheduled check-in.  He was afterwards transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he is presently detained.

On April 15, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his immediate release from detention.

The case was assigned to the undersigned the same day, at which time the

Court issued an Order, ECF No. 4, directing Respondents to file, by 3:00PM on April 16, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Court's decision in *Hyppolite v. Noem*, 808 F. Supp. 3d 474 (E.D.N.Y. 2025).

The Court further directed that, if Respondents asserted no basis to distinguish this Petition from the Court's analysis in *Hyppolite*, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Finally, the Court's April 15, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *Hyppolite*, to respond to the Petition and to show cause as to why it should not be granted on or before April 20, 2026 at 3:00PM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those three facts.

Respondents filed their initial submission on April 16, 2026, indicating that as in *Hyppolite*, Petitioner was detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). ECF No. 6. Respondents noted their disagreement with the Court's decision in *Hyppolite* and reserved their right to appeal any grant of relief in Petitioner's case, but did not claim any basis to distinguish this case from *Hyppolite*.

Respondents have not alleged that they provided Petitioner with a pre-

2

detention bond hearing, which this Court found in *Hyppolite* is required for persons similarly situated to Petitioner.

Accordingly, as it did in *Hyppolite*, the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due process, because Petitioner has resided in the United States since December 2022 and is therefore entitled to an individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a).  See *Hyppolite*, 808 F. Supp. 3d 490–95; *see also, e.g.*, *Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25 CV 05240 (TMC), 2025 WL 2782499, at *16–26 (W.D. Wash. Sep. 30, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25 CV 3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases).  Similarly, the Court finds that Petitioner has established that the mandatory detention provisions of 8 U.S.C. § 1225(a)(1) and (b)(2) relied upon by Respondents to justify the legality of Petitioner's detention are inapplicable here, because Petitioner has been living continuously in the United States and is not "seeking admission" under Section 1225.

The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite*, 808 F. Supp. 3d at 486–95.  Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the near-unanimous conclusion

reached by hundreds of other district courts nationwide who have considered the issue to date.

The Court has also weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 8:00PM on Thursday, April 16, 2026.**

In light of the fact that Petitioner is presently being held at MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's

release.

Respondents, through counsel, **shall file a letter on the docket no later than 10:00PM on the same date (Thursday, April 16, 2026)**, confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Court's earlier order scheduling a hearing for April 22, 2026 is hereby vacated in light of the Court's resolution of the merits of the petition.  Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:      April 16, 2026
            Brooklyn, New York

5