UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

INDERPAL SINGH,

                    Petitioner,

          v.

RAUL MALDONADO, *in his official
capacity as Warden, Brooklyn
Metropolitan Detention Center*; JUDITH
ALMODOVAR, *in her official capacity as
Acting New York Field Office Director,
U.S. Immigration & Customs
Enforcement*; TODD M. LYONS, *in his
official capacity as Acting Director of
Immigration & Customs Enforcement*,

                    Respondents.

MEMORANDUM & ORDER
26-CV-02212 (NRM)

NINA R. MORRISON, United States District Judge:

Petitioner Inderpal Singh filed a petition for writ of habeas corpus on April 15, 2026, seeking his release from Immigration and Customs Enforcement ("ICE") custody. *See generally* Pet., ECF No. 1. This Court granted the petition on April 16, 2026. Dkt. Order dated Apr. 16, 2026. Presently before the Court is Petitioner's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Mot. for Att'y Fees ("Mot."), ECF No. 10. For the reasons that follow, Petitioner's motion is GRANTED.

To establish entitlement to EAJA fees, a party must (1) timely file their fee motion pursuant to 28 U.S.C. § 2412(d)(1)(B); (2) show that they were the prevailing party and eligible to receive an award; (3) set forth an itemized statement of actual time expended and the hourly rate at which fees were computed; and (4) allege that

1

the position of the United States was not substantially justified and that no special circumstances exist that make an award unjust. *Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014). "Once a party has demonstrated that it is a prevailing party under the EAJA, the burden shifts to the government to demonstrate that its litigation position was 'substantially justified.'" *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 786 (2d Cir. 1999). Additionally, the fees awarded under the EAJA must be "reasonable." 28 U.S.C. § 2412(d)(2)(A); *see also Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) ("The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983))).

Only one factor is in dispute here: whether Respondents' position in this litigation was substantially justified. Opp'n to Mot. for Att'y Fees at 3–7,[1] ECF No. 11. However, this Court has recently rejected this contention in a substantially identical case that also concerned the applicability of 8 U.S.C. § 1225 to an ICE detainee. *Merlo Puerto v. Leeper*, No. 26-CV-405 (NRM), --- F. Supp. 3d ----, 2026 WL 1600665 (E.D.N.Y. June 4, 2026). In *Merlo Puerto*, the Court "ha[d] no difficulty finding that Respondents [] failed to establish that their position was substantially justified, and thus, Petitioner's counsel [was] entitled to a fee award under the EAJA." *Id.* at *4. Because of the similar postures between *Merlo Puerto* and the instant case,

---

[1] Unless otherwise indicated, all page references use the pagination generated by the Electronic Case Filing System.

the Court here adheres to and incorporates by reference its analysis of the EAJA's "substantially justified" requirement. *Id.* at *4–6. And, as it did in *Merlo Puerto*, the Court finds that Respondents' position was not substantially justified at the time the underlying petition was litigated. Accordingly, Petitioner is entitled to a fees award under the EAJA.

The Court must also evaluate whether Petitioner's requested fees are reasonable. Counsel seeking fees under the EAJA "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Here, Petitioner's counsel initially sought fees in the amount of $1,839.39 for 7 hours of work, for an hourly rate of $262.77. Mot. at 4–5; ECF No. 10-2. In the Reply, counsel asked for an adjustment to a total of $2,759.09 to account for the additional 3.5 hours spent researching and drafting the papers related to the instant fees motion. Reply at 7, ECF No. 12; ECF No. 12-3.

Respondents have not challenged the reasonableness of the hourly rate, or the number of hours worked by Petitioner's counsel. As Petitioner notes, the hourly rate here is equivalent to the statutory rate of $125 for cases commenced on or after March 29, 1996, adjusted for inflation for December 2025. *See* Mot. at 4–5; *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992) (endorsing the use of the Consumer Price Index for calculating cost-of-living inflation for the statutory rate under § 2412). Moreover, this Court has recently granted a fees motion in a similar case in which the petitioner's counsel requested a nearly identical hourly rate, but for over 100 hours of work. *See Pliego v. Noem*, --- F. Supp. 3d ----, 2026 WL 1733485, at *2

(E.D.N.Y. June 16, 2026). Here, by contrast, Petitioner's counsel spent only seven hours preparing a time-sensitive habeas petition which succeeded in securing Petitioner's release less than forty-eight hours following the petition's filing. *See* Mot. at 4. The Court therefore has no trouble finding that the full amount of the requested fees here is reasonable.

For the foregoing reasons, Petitioner's motion for EAJA fees is GRANTED, and the Court awards Petitioner $2,759.09 in fees under the EAJA, 28 U.S.C. § 2412.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:      July 8, 2026
            Brooklyn, New York

4